UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES T. THORPE,

            Plaintiff,

      v.                                              Case No. 23-cv-0251-bhl

K. OVIEDO and
HEIDI MICHELS,

            Defendants.

---

## SCREENING ORDER

---

Plaintiff James Thorpe, a former inmate who is representing himself, alleges that his civil rights were violated while he was incarcerated at the Brown County Jail. This matter comes before the Court on Thorpe's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Thorpe has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Thorpe has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $69.20. Thorpe's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

Case 2:23-cv-00251-BHL   Filed 03/02/23   Page 2 of 5   Document 8

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Thorpe, in January 2023, for about six days he repeatedly requested his hearing aid batteries, which he had brought from home. He states that his requests were ignored, so he ended up going about two and a half days without hearing anything, which triggered "traumatic PTSD episodes." Dkt. No. 1 at 5.

## THE COURT'S ANALYSIS

The complaint fails to state a claim because Thorpe fails to identify who was responsible for allegedly violating his constitutional rights. Although he names two people in the caption of his complaint, he does not include allegations stating what they did or did not do to violate his rights. Section 1983 requires that a defendant be personally involved in an alleged deprivation to be liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Thus, to state a claim, Thorpe must explain who he interacted with, what he said to them, what they did or did not do in response, and how their actions or inactions impacted him.

Accordingly, if Thorpe wants to proceed with this lawsuit, he will need to file an amended complaint by **March 31, 2023** that cures the deficiencies identified in this decision. He should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. Thorpe is advised that an amended complaint will replace his original complaint and therefore must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an

amended complaint is not received, the Court will dismiss this case based on Thorpe's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Thorpe's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 31, 2023**, Thorpe may file an amended complaint curing the defects in the original complaint as described in this decision. If the Court does not receive an amended complaint by the deadline, the Court will dismiss this action based on Thorpe's failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Thorpe a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that Thorpe must pay the $280.80 filing fee balance over time as he is able. He may send payments, clearly marked with his case name and number, to the clerk's office at the address below.

**IT IS FURTHER ORDERED** that Thorpe must submit each original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Thorpe is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

4

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on March 2, 2023.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge